United States District Court
District of Massachusetts

_____
                                    )
**Fritz Gabriel,**                  )
                                    )
    **Plaintiff,**                  )
                                    )
        v.                          )  Civil Action No.
                                    )  19-10630-NMG
**Wells Fargo Bank National**       )
**Association and Ocwen Loan**      )
**Servicing, LLC,**                 )
                                    )
    **Defendants.**                 )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

    Plaintiff Fritz Gabriel ("Gabriel" or "plaintiff") alleges entitlement to damages and declaratory relief resulting from a mortgage foreclosure action initiated by defendants Wells Fargo Bank National Association, as Trustee for Option One Mortgage Loan Trust 2005-4, Asset Backed Certificates Series 2005-4 ("Wells Fargo") and PHH Mortgage Corporation, successor by merger to Ocwen Loan Servicing LLC ("PHH", collectively with Wells Fargo, "defendants").

    Pending before the Court is the motion of defendants for summary judgment on all counts.

## I. Background

For purposes of the instant motion, plaintiff is deemed to have admitted the facts as alleged in defendants' statement of material facts (Docket No. 33). Local Rule 56.1 provides that a party moving for summary judgment shall include a concise statement of the undisputed material facts, which "will be deemed . . . to be admitted" by the opposing party unless controverted "with page references to affidavits, depositions and other documentation." Plaintiff has failed to contest the facts as alleged by defendants in the manner prescribed by Local Rule 56.1 and, therefore, such facts are deemed admitted. See, e.g., Zimmerman v. Puccio, 613 F.3d 60, 63 (1st Cir. 2010) (finding that plaintiffs' statement of material facts was undisputed "because the district court deemed the plaintiffs' statement of facts admitted in the absence of proper opposition by the defendants pursuant to . . . Local Rule 56.1").

Accordingly, the Court draws the following undisputed facts from defendants' statement of material facts.

### A. The Loan

In June, 2005, Gabriel and Cecilia V. McEvoy ("McEvoy", together with Gabriel, "the Borrowers") acquired the property located at 197 Blue Hills Parkway in Milton, Massachusetts ("the Property"). In connection with that acquisition, the Borrowers

executed a note for $553,500 ("the Note") in favor of Option One Mortgage Corporation ("Option One"). The Note was secured by a mortgage granted to Option One encumbering the Property and was properly recorded ("the Mortgage"). Together the Note and the Mortgage are referred to as "the Loan".

The Mortgage was assigned to Wells Fargo as Trustee in April, 2011, and properly recorded. In March, 2013, Ocwen Loan Servicing, LLC ("Ocwen") began servicing the Loan. In November, 2013, Ocwen was granted authority to execute and deliver documents relating to the Loan, including foreclosure documents, in a Limited Power of Attorney dated November 5, 2013.

In June, 2019, PHH began servicing the Loan as successor by merger to Ocwen. Wells Fargo appointed PHH as its attorney-in-fact pursuant to a Limited Power of Attorney dated June 19, 2019.

**B. Previous Litigation**

The Borrowers filed their first action against Wells Fargo in August, 2013, in Norfolk Superior Court, seeking declaratory relief that they were current on all payments, as well as breach of contract, promissory estoppel, unlawful foreclosure and discrimination ("the 2013 Action"). Wells Fargo removed the action to the United States District Court for the District of Massachusetts and the case was drawn to United States District

Judge Rya W. Zobel's session.  The action was resolved by an agreement that included a loan modification and dismissed with prejudice.

Gabriel filed a second action against Wells Fargo in Norfolk Superior Court in June, 2016, on virtually the same grounds as the 2013 Action.  Wells Fargo again removed the case to this Court and it was assigned to this session.  The parties resolved the dispute by agreement which included another loan modification ("the 2017 Loan Modification"), and the action was dismissed with prejudice.

### C. 2017 Loan Modification

The terms of the 2017 Loan Modification require Borrowers to make monthly payments on the Loan due on the first day of each month from August, 2017, through July, 2035.  The "fail[ure] to make the [monthly payments] as required by th[e] Agreement" results in a "default".  In the event of default, PHH may "institute any foreclosure or collection proceedings" or accelerate the Loan.

The 2017 Loan Modification grants the Borrowers the right to reinstate the Loan following default if they pay all sums owed, including expenses, under the Loan as if no acceleration had occurred, thereby curing the default.

**D. Breach of the 2017 Loan Modification**

PHH accepted monthly payments from Borrowers pursuant to the 2017 Loan Modification until October, 2017. Thereafter, PHH did not receive any payment from the Borrowers until July, 2018.

In December, 2017, PHH sent to the Borrowers notification of default, the right to cure and the right to request a Loan modification. PHH sent a follow-up letter dated January 31, 2018, informing the Borrowers that their account remained past due and $9,700.19 was required to cure the default. By March, 2018, the total amount due was $16,210.29 and the Borrowers received notification of that default figure in a letter from PHH dated March 23, 2018.

Finally, defendants sent the Borrowers notice of their intent to initiate foreclosure proceedings in June, 2018.

**E. Borrowers Attempt to Cure**

On July 25, 2018, PHH received 35 money orders totaling $22,672.25, all drawn by the Borrowers on July 18 and 19, 2018. The money orders purported to represent monthly payments under the 2017 Loan Modification from January, 2018, through August, 2018, plus late fees. At that time, however, the total amount required to cure the default was $31,793.24.

PHH returned the money orders to plaintiff in August, 2018, with a letter explaining that the lump sum payment was insufficient to cure the default.

The Borrowers continued to send PHH additional money orders purporting to represent monthly payments under the 2017 Loan Modification. PHH returned all money orders as insufficient to cure the default.

### F. Procedural History

Gabriel filed a complaint against defendants in Norfolk County Superior Court in March, 2019, alleging: (1) entitlement to declaratory relief; (2) unfair and deceptive trade practices; (3) breach of the implied covenant of good faith and fair dealing; (4) unlawful foreclosure; (5) fraud; (6) misrepresentation; (7) unfair, deceptive and unreasonable debt collection; (8) intentional infliction of emotional distress; and (9) negligent infliction of emotional distress.

Defendants removed the case to this Court in April, 2019, and it was assigned to this judicial officer. Defendants moved for summary judgment in December, 2019.

**II. <u>Motion for Summary Judgment</u>**

**A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v.

Steeves, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B. Count I: Declaratory Relief**

In Count I, plaintiff seeks declaratory judgment with respect to his "rights and responsibilities" under the 2017 Loan Modification pursuant to Mass. Gen Law c. 231A, § 2.

Gabriel submits that he is entitled to a declaration that (1) the Borrowers are not in default and (2) defendants lack standing to foreclose on the Loan.

With respect to the first allegation, plaintiff contends that, to date, the sum of the money orders that Borrowers have submitted to PHH is approximately $100,000, an amount sufficient to cure the default. Plaintiff does not substantiate his allegation with anything more than several unauthenticated money orders. Such a conclusory assertion is inadequate to create a genuine dispute of material fact sufficient to survive defendant's motion for summary judgment. Indeed, the undisputed facts show that the Borrowers failed to make monthly payments pursuant to the 2017 Loan Modification after October, 2017, and

have not, since then, fulfilled the conditions necessary to cure the default and reinstate the Loan.

With respect to the second allegation, plaintiff concedes in his opposition to defendants' motion for summary judgment that Wells Fargo is the authorized Trustee of the Loan. As Trustee, Wells Fargo indisputably has standing to institute foreclosure proceedings. PHH similarly has standing, pursuant to the executed Limited Power of Attorney of Wells Fargo.

Accordingly, plaintiff has failed to demonstrate a genuine dispute of material fact as to whether 1) the Borrowers are in default of the 2017 Loan Modification or 2) defendants are authorized to instituted foreclosure proceedings. Defendants are therefore entitled to summary judgment on Count I.

### C. Counts II and VII: Unfair and Deceptive Trade Practices and Unfair, Deceptive and Unreasonable Debt Collection

In Counts II and VII, plaintiff alleges that defendants engaged in unfair and deceptive trade practices and otherwise unlawful conduct by seeking to foreclose on the Loan. As discussed above, however, defendants are legally entitled to institute foreclosure proceedings.

In any event, both counts fail as a matter of law. Count II falls short because plaintiff does not allege that he served upon defendants pre-suit written demand as required by Mass.

Gen. Laws c. 93A, § 9. See Entrialgo v. Twin City Dodge, Inc, 369 Mass. 812 (1975). Count VII similarly miscarries because it is brought pursuant to Mass. Gen. Laws c. 93, § 49, which does not provide a private cause of action independent of Chapter 93A. See O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 33 (D. Mass. 2014).

### D. Counts III: Breach of the Implied Covenant of Good Faith and Fair Dealing

In Count III, plaintiff submits that, by seeking to foreclose on the Loan despite Borrower's "full compliance" with the terms of the 2017 Loan Modification, defendants breached the covenant of good faith and fair dealing. That covenant is implicit in every Massachusetts contract. See, e.g., Salls v. Digital Fed'l Credit Union, 349 F. Supp. 3d 81, 89 (D. Mass. 2018) (citing Robert and Ardis Foundation v. Meyers, 474 Mass. 181, 188 (2016)).

Plaintiff's argument is unavailing because there is no genuine dispute of material fact that Borrowers are in default pursuant to the terms of the 2017 Loan Modification. Defendants, therefore, did not breach the implied covenant of good faith and fair dealing by lawfully instituting foreclosure proceedings. Accordingly, defendants are entitled to summary judgment on Count III.

**E. Count IV: Unlawful Foreclosure**

In Count IV, plaintiff alleges that defendants do not have a valid assignment of the 2017 Loan Modification and, therefore, lack the legal authority to institute foreclosure proceedings. As explained above, however, there is no genuine dispute that both Wells Fargo and PHH have authority to institute foreclosure proceedings with respect to the 2017 Loan Modification. Accordingly, summary judgment will be entered in their favor on Count IV.

**F. Counts V and VI: Fraud and Misrepresentations**

In Counts V and VI, plaintiff asserts that defendants made "fraudulent misrepresentations." To recover for fraud, plaintiff must demonstrate that defendants knowingly made a false representation of material fact that plaintiff relied upon to his detriment. See Cumis Ins. Soc'y, Inc v. BJ Wholesale Club, Inc., 455 Mass. 458, 471 (2009). To recover for misrepresentation, plaintiff must establish that defendants, without exercising reasonable care or competence, supplied plaintiff with false information upon which he justifiably and detrimentally relied. See id. at 472.

Plaintiff fails to identify any statement upon which he relied to his detriment that was fraudulent or misrepresentative. That alone is sufficient for summary

- 11 -

judgment to enter for defendants.  Nevertheless, assuming arguendo that the alleged fraud and misrepresentation stems from defendants' institution of foreclosure proceedings and representations to the Massachusetts Land Court that the Borrowers are in default, there is no genuine dispute of material fact that those statements are true and defendants were authorized to proceed.  Accordingly, summary judgment will be entered in favor of defendants on Counts V and VI.

### G. Counts VIII and IX: Intentional and Negligent Infliction of Emotional Distress

In his final two counts, plaintiff alleges that defendants, through their "unfair, deceptive and unreasonable" actions, intentionally and negligently inflicted emotional distress upon plaintiff.

To establish a claim for intentional infliction of emotional distress, plaintiff must show that the defendant engaged in conduct that is "extreme and outrageous beyond all bounds of decency." Akar v. Fed. Nat'l Mortgage Ass'n, 845 F. Supp. 3d 381, 385 (D. Mass. 202).  Negligent infliction of emotional distress requires, among other elements, a showing of negligent conduct. Gindi v. Norton, 216 F. Supp. 3d 199, 205 (D. Mass. 2016).

Plaintiff cannot recover for either intentional or negligent infliction of emotional distress because there is no

genuine dispute of material fact that defendants instituted foreclosure proceedings in compliance with the 2017 Loan Modification and, therefore, did not engage in negligent conduct or conduct that otherwise exceeds the bounds of decency.

**ORDER**

For the foregoing reasons, the motion of defendants for summary judgment on all counts (Docket No. 31) is **ALLOWED**.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated April 13, 2020